**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FRANKLIN SMITH,<br><br>    Petitioner,<br><br> v.<br><br>CALIFORNIA REHABILITATION CENTER,<br><br>    Respondent. | No. CV 17-8443-PSG (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF FIRST AMENDED PETITION AS UNEXHAUSTED** |

Franklin Smith ("petitioner") initiated this action on November 20, 2017, when he filed a document that the Court construed as a petition for writ of habeas corpus by a person in state custody. The Court found that the petition, which challenged petitioner's 2017 guilty plea in the Los Angeles County Superior Court in Long Beach, California, was deficient because petitioner did not use the proper form, there was no indication if petitioner had exhausted his claims in state court, and petitioner did not name the proper respondent. On November 30, 2017, the Court ordered petitioner to file a First Amended Petition curing these deficiencies. (ECF No. 5).

On January 2, 2018, petitioner filed a First Amended Petition ("FAP") on the proper form. Petitioner states in the FAP that he challenges his July 12, 2017, guilty plea in the Los Angeles County Superior Court in Long Beach, California, case number NA103326. Petitioner states that he pleaded guilty to one count of second degree robbery and received a sentence of twelve years

in state prison which consisted of the base term of two years plus two five-year prior conviction enhancements. (FAP at 2). Petitioner in the FAP raises the following grounds for relief: (1) petitioner pleaded guilty and expected a sentence of seven years based on an enhancement of only one prior conviction; (2) the trial court abused its discretion by reversing its previous decision to strike one of petitioner's prior convictions; (3) the abstract of judgment shows that petitioner's 1984 and 1986 prior convictions ran concurrently; (4) petitioner received ineffective assistance of counsel; and (5) the superior court judge should have been disqualified. (FAP at 5-6).

Petitioner in the FAP indicates that he did not appeal his conviction and that he has not filed any state habeas petitions. (FAP at 2-3). Additionally, when listing the instant grounds for relief in the FAP, petitioner indicates that he never raised any of the claims on direct appeal to the California Court of Appeal, in a petition for review to the California Supreme Court, or in a habeas petition to the California Supreme Court. (Id. at 5-7).

As set forth in the Court's previous Order issued on November 30, 2017 (ECF No. 5), a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the

| | |
|---|---|
| 1 | prisoner has described in the state court proceedings both the operative facts and the federal legal |
| 2 | theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, |
| 3 | 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 |
| 4 | (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d |
| 5 | 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. |
| 6 | 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still |
| 7 | pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has |
| 8 | a pending state appeal, he "must await the outcome of his appeal before his state remedies are |
| 9 | exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies |
| 10 | are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner |
| 11 | has the burden of demonstrating that he has exhausted available state remedies. See, e.g., |
| 12 | Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). |
| 13 | Here, although petitioner has utilized the proper form for his FAP, it appears that the FAP |
| 14 | remains deficient because it consists entirely of unexhausted claims that have never been |
| 15 | presented to the California Supreme Court. As set forth above, petitioner indicates in the FAP that |
| 16 | he has not presented any of the instant claims in a direct appeal or state habeas petition. Thus, |
| 17 | because the FAP appears to be wholly unexhausted, it is subject to being dismissed without |
| 18 | prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997). |
| 19 | For the foregoing reasons, **no later than January 30, 2018,** petitioner is ordered to show |
| 20 | cause why the FAP should not be dismissed without prejudice for failure to exhaust state |
| 21 | remedies. To avoid dismissal, petitioner must file proof with this Court **on or before January 30,** |
| 22 | **2018**, that each ground for relief set forth in the FAP has previously been presented to the |
| 23 | California Supreme Court, by providing this Court with a complete copy of either the petition for |
| 24 | review or state habeas petition raising each of those claims to the California Supreme Court. |
| 25 | Filing of such proof shall be deemed compliance with this Order to Show Cause. |
| 26 | If petitioner agrees that the action should be dismissed without prejudice as unexhausted, |
| 27 | he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) |
| 28 | |

("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[1] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Petitioner is advised that his failure to timely respond to this Order and demonstrate that he has in fact exhausted his grounds for relief set forth in the FAP will result in the action being dismissed without prejudice as unexhausted. Additionally, the failure to respond to this Order may also result in dismissal without prejudice for failure to prosecute and follow Court orders.**

DATED: January 9, 2018

                                            PAUL L. ABRAMS
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.