UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANKLIN SMITH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN CYNTHIA TAMPKINS, CALIFORNIA REHABILITATION CENTER,<br><br>　　　　Respondent. | No. CV 17-8443-PSG (PLA)<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF EXHAUSTION |

I.

### BACKGROUND

Franklin Smith ("petitioner") initiated this action on November 20, 2017, when he filed a document that the Magistrate Judge construed as a petition for writ of habeas corpus by a person in state custody. The Magistrate Judge subsequently found that the petition, which challenged petitioner's 2017 guilty plea in the Los Angeles County Superior Court in Long Beach, California, was deficient because petitioner did not use the proper form, there was no indication if petitioner had exhausted his claims in state court, and petitioner did not name the proper respondent. On November 30, 2017, the Magistrate Judge ordered petitioner to file a First Amended Petition curing these deficiencies. (ECF Nos. 1, 5).

On January 2, 2018, petitioner filed a First Amended Petition ("FAP") on the proper form, in which he challenges his July 12, 2017, guilty plea in the Los Angeles County Superior Court in Long Beach, California, case number NA103326. Petitioner states that he pleaded guilty to one count of second degree robbery and received a sentence of twelve years in state prison which consisted of the base term of two years plus two five-year prior conviction enhancements. (FAP at 2). Petitioner raises the following grounds for relief: (1) petitioner pleaded guilty and expected a sentence of seven years based on an enhancement of only one prior conviction; (2) the trial court abused its discretion by reversing its previous decision to strike one of petitioner's prior convictions; (3) the abstract of judgment shows that petitioner's 1984 and 1986 prior convictions ran concurrently; (4) petitioner received ineffective assistance of counsel; and (5) the superior court judge should have been disqualified. (FAP at 5-6).

Petitioner in the FAP indicates that he did not appeal his conviction and that he has not filed any state habeas petitions. (FAP at 2-3). When listing the grounds for relief, he indicates that he never raised any of the claims on direct appeal to the California Court of Appeal, in a petition for review to the California Supreme Court, or in a habeas petition to the California Supreme Court. (Id. at 5-7).

Based on the above, on January 9, 2018, the Magistrate Judge issued an order requiring petitioner to show cause why the FAP should not be dismissed without prejudice for failure to exhaust state remedies ("Order to Show Cause"). (ECF No. 10). On January 29, 2018, petitioner filed a document in response to Order to Show Cause ("Response"). In his Response, petitioner argues that the exhaustion requirement is satisfied because there is an absence of available state corrective process. (ECF No. 12). On January 31, 2018, the Magistrate Judge discharged the January 9, 2018, Order to Show Cause. (ECF No. 13).

II.

## DISCUSSION

A federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose

v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

As set forth above, there is no indication in the FAP that petitioner has exhausted any of his grounds for relief. In his Response to the Order to Show Cause, petitioner states that he "ha[s] no appeal and ha[s] exhausted all [his] claims in state court when [he] pleaded guilty on July 12, 2017."

(Response at 2). He further contends that his motion to withdraw his guilty plea has been denied by the superior court, and that "[t]here is [now] an absence of available state corrective process" for his claims. (Id.).

After a careful review of petitioner's filings, the Court concludes that petitioner has not satisfied the exhaustion requirement. Although petitioner is correct that the exhaustion requirement may be excused if "there is an absence of available State corrective process" (see 28 U.S.C. § 2254(b)(1)(B)(i)), petitioner has not made such a showing. In California, a defendant may appeal a guilty plea by complying with California Penal Code § 1237.5 and obtaining a certificate of probable cause. A defendant may also base an appeal on "noncertificate" issues, meaning "'[g]rounds that arose after entry of the plea and do not affect the plea's validity' or '[t]he denial of a motion to suppress evidence under [California] Penal Code section 1538.5.'" People v. Nguyen, 2018 WL 637348, at *2 n.1 (Cal. App. 2 Dist. Jan. 31, 2018) (citing Cal. Rules of Court, rule 8.304(b)(4)). Petitioner has not shown that he was prevented from pursuing an appeal. And even if, at this time, the deadline for filing a direct appeal has lapsed, petitioner still has the opportunity to exhaust his claims by filing a habeas corpus petition in the California Supreme Court. See Medley v. Runnels, 506 F.3d 857, 863 (9th Cir. 2007) (finding claim raised before California Supreme Court in a habeas petition was "sufficient to constitute exhaustion"). Petitioner has not set forth any reason why he was unable to pursue habeas relief in the California Supreme Court before filing the instant action.[1]

Accordingly, dismissal of the First Amended Petition for failure to exhaust is appropriate.

/

/

---

[1] The Court notes that the exhaustion requirement would be satisfied if it were clear that the California Supreme Court would hold that petitioner's unexhausted claims were procedurally defaulted under state law. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). Federal habeas review would still be barred, however, unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Here, because it is not clear that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally defaulted under state law, exhaustion is not satisfied.

## III.
## ORDER

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for lack of exhaustion.

DATED: 2/5/10

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE